UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

                                            Chapter 13

    Chad & Meridith M. Ferber

                                            Case No. 14-35222  (cgm)

                      Debtors.

-------------------------------------------------------------------x

## ORDER VOIDING SECOND MORTGAGE LIEN OF
## CITIFINANCIAL CO. PURSUANT TO 11 U.S.C. §§ 506 AND 1322(B)

      Upon the motion dated May 23, 2014 (the "Motion") of the Debtors in the captioned case, Chad and Meridith M. Ferber (the "Debtors"), for an order determining that the second mortgage lien held by Cititfinancial Co. (with any subsequent successor or assign, "Creditor") on the Debtors' property located at 16 Cramer Road Rhinebeck, New York 12572-1104 (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a) and 1322, and reclassifying the secured claim of the Creditor in this case as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and there being no opposition to the requested relief; and upon the record of the June 24, 2014 hearing on the Motion; and, after due deliberation, it appearing that the amount of the senior debt secured by the Property exceeds the value of the Property and that there is no collateral value in the Property to secure the Debtors' obligations to the Creditor under the Creditor's mortgage on the Property; and good and sufficient cause appearing, it is hereby ORDERED that:

      1. The Motion is granted.

      2. Any claim timely filed by Creditor against the Debtors and the Debtors' estate in this case based on its junior lien on the Property shall be treated as wholly unsecured.

      3. The wholly unsecured lien of the Creditor's mortgage on the Property is declared void (see <u>In re Pond</u>, 252 F.3d 122 (2d Cir. 2001)), subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtors' chapter 13 case prior to the performance of the Debtors' chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2).

      4. The Dutchess County Clerk shall mark on its records that the Creditor's mortgage on the Property appearing at Document Number 01 2007 1524, recorded/filed January 29, 2007 is void pursuant to Bankruptcy Court Order, subject to the lien's reinstatement upon any dismissal or conversion of the Debtors' chapter 13 case prior to the performance of the Debtors' chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2); <u>provided</u>, that the Debtors may in the alternative record a copy of this Order with the Clerk of the County of Dutchess, New York to provide such notice.

      5. Notwithstanding any other provision of this Order, this Order shall remain effective if the above-captioned case is converted to a case under chapter 11.



**Dated: July 9, 2014**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**